UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: International Judicial Assistance in:<br><br>ANIBAL FRANCISCO CHIARIGLIONE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DESPEGAR.COM.AR S.A.,<br><br>Defendant. | CASE NO.  2:25-mc-00001-KKE<br><br>(EX PARTE) MOTION FOR APPOINTMENT OF COMMISSIONER PURSUANT TO 28 U.S.C. § 1782<br><br>NOTED FOR MOTION CALENDAR: January 7, 2025 |

## I.     INTRODUCTION AND RELIEF REQUESTED

The United States of America moves this Court for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney Nickolas Bohl as Commissioner for the purpose of obtaining information from Expedia ("Expedia"), who resides within the jurisdiction of this Court, pursuant to a Letter of Request issued by Paula M. Hualde, Judge with competent jurisdiction sitting in the First Instance Court in Commercial Matters No. 9, Clerk Office No. 17 in charge of Claudio Marjanovic, Clerk, in and for the city of Buenos Aires, Argentina. ("Letter of Request"). As discussed in further detail herein, the commission is sought only with respect to the information sought by the Letter of Request that is legally discoverable under United States statute.

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 1
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781, note.1 (hereinafter "Hague Evidence Convention") provides a method by which evidence in one country may be obtained for litigation in another, and mandates the appointment of a Commissioner to gather requested information in certain circumstances. The Hague Evidence Convention further provides that the country to whom the request is directed may decline to enforce requests, or portions of requests, that fall outside the authority of the judiciary. As discussed below, a portion of the Letter of Request fits the circumstances governed by the Hague Evidence Convention and the appointment of AUSA Bohl is appropriate and necessary to fulfill its requirements. Accordingly, the United States requests that the Court issue an order appointing him as Commissioner in order to obtain the legally permissible information that is sought.

## II.     FACTS

As described in the attached Letter of Request, the First Instance Court in Commercial Matters No. 9, in and for the city of Buenos Aires, Argentina, is adjudicating a civil claim for damages. The case is captioned *Anibal Francisco Chiariglione, et al. v. Despegar.com.ar S.A..,* Ref No. 388/2024. To resolve this dispute, Judge Paula M. Hualde seeks disclosure of information and supporting documentation as listed in Exhibit B ("Proposed Commissioner's Subpoena").

Expedia is headquartered in Seattle, Washington in the United States of America. Accordingly, Judge Paula M. Hualde, issued a Letter of Request seeking judicial assistance to obtain documents. *See* Declaration of Nickolas Bohl ("Bohl Dec."), Exhibit A ("Letter of Request"), Exhibit B.

The Letter of Request, at the direction of Judge Hernan Diego Papa, was transmitted to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"),

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 2
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington, D.C. on November 27, 2024, pursuant to the Hague Evidence Convention and 28 C.F.R. § 0.49(a).

The OIJA then transmitted the Letter of Request to the U.S. Attorney's Office for the Western District of Washington on December 13, 2024, for execution in accordance with 28 C.F.R. § 0.49(c). The U.S. Attorney's Office for this District has handled similar requests involving Expedia and knows that Expedia requires a subpoena to release the requested information. Accordingly, we have filed this motion.

### III. ARGUMENT

**A.     The Hague Evidence Convention Provides Procedures for the Collection of Evidence for Foreign Litigation**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl.[1] The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 16, 2024) (The Hague Evidence Convention entered into force in Argentina on July 7, 1987).

---

[1] Under Article VI of the United States Constitution, treaty provisions, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971).

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 3
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, Art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

**B.    This Court Has Authority to Compel Production of Evidence and Testimony Under the Hague Evidence Convention Pursuant to 28 U.S.C. § 1782**

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states, in pertinent part:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of 150

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 4
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988). District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to a foreign tribunal if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re: Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Expedia "resides or is found in" the Western District of Washington because the company's offices are located in Seattle, Washington. *See* Exhibit C. Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such documents are needed by the First Instance Court in Commercial Matters No. 9, in Buenos Aires, Argentina, for review in adjudicating

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 5
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this case. *See* Exhibit A. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

Attached is a proposed subpoena that this office intends to serve (in substantially similar format) on Expedia should the Court grant the Application under to 28 U.S.C. § 1782. *See* Bohl Dec., Exhibit B (Proposed Subpoena). Upon receipt, the requested information will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to Paula M. Hualde, Judge with competent jurisdiction sitting in the First Instance Court in Commercial Matters No. 9, Clerk Office No. 17, situated at M.T. de Alvear 1840, piso 4, Buenos Aires, Argentina.

**C.    Discretionary Considerations Weigh in Favor of Granting the United States' Application**

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request. *Intel*, 542 U.S. 264-65. These discretionary factors weigh in favor of assisting the Argentine Court. The first factor asks "whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010). Expedia is not a party to the proceedings and is not subject to the Argentine Court's jurisdiction because it is located in Washington.

The second factor asks about the nature of the foreign tribunal. This request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court. Thus, the second factor weighs in favor of granting the motion. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015).

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 6
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | The third factor asks if the request attempts to circumvent the policies of a foreign country or
2 | the United States. Because the requester is the Argentine Court, there is sufficient assurance that the
3 | request is not an attempt to circumvent Argentine discovery rules or to thwart policies of either
4 | country. *See In re Svitavy*, 748 F. Supp. 2d at 529.

5 | Finally, the fourth factor asks if the request is unduly burdensome. This request seeks
6 | specific information regarding reservation made under the names of Siano Josefina Alvarez, Siano
7 | Sandra Mariana and/or Anibal Francisco Chiariglione in 2019-2020 and is not unduly burdensome.
8 | *See Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015).

9 | Consideration of the *Intel* discretionary factors favors authorizing judicial assistance to the
10 | Argentine Court.

## IV. CONCLUSION

The United States requests that the Court issue an order appointing Assistant United States Attorney Nickolas Bohl as Commissioner for the purpose of issuing a subpoena to execute the legally permissible portion of the request for international judicial assistance.

Dated this 7th day of January, 2025.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL, WSBA No. 48978
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4073
Email: nickolas.bohl@usdoj.gov

I certify that this memorandum contains 1,941 words, in compliance with the Local Civil Rules.

MOTION FOR APPOINTMENT OF COMMISSIONER
PURSUANT TO 28 U.S.C. § 1782(a) - 7
CASE NO.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970