UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: International Judicial Assistance in: ANIBAL FRANCISCO CHIARIGLIONE, et al., <br><br> Plaintiff(s), <br> v. <br><br> DESPEGAR.COM.AR SA, <br><br> Defendant(s). | CASE NO. MC25-00001-KKE <br><br> ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 |

The United States of America moves the Court to appoint Assistant U.S. Attorney Nickolas Bohl as Commissioner for the limited purpose of obtaining information from Expedia, Inc. ("Expedia"). Dkt. No. 1. The United States moves on behalf of the First Instance Court in Commercial Matters No. 9, in and for the city of Buenos Aires, Argentina (the "First Instance Court"). *Id.* at 2. The First Instance Court is adjudicating a civil case for damages and seeks disclosure of information and supporting documentation from Expedia. *Id.* at 2, Dkt. No. 1-3. For the reasons below, the Court grants the United States' *ex parte* motion.

I. BACKGROUND

The First Instance Court is adjudicating a civil claim captioned *Anibal Francisco Chiariglione, et al. v. Despegar.com.ar S.A.* ("*Chiariglione*"), Ref No. 388/2024. Dkt. No. 1-2 at 1. To resolve this dispute, Judge Paula M. Hualde seeks disclosure of information and supporting

ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 - 1

documentation from Expedia, a non-party to the *Chiariglione* case. Dkt. No. 1-3. Expedia is headquartered in Seattle, Washington. Dkt. No. 1-2 at 2.

According to the United States, on December 13, 2024, Judge Hualde issued her request to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"). Dkt. No. 1-2 at 1–2, Dkt. No. 1-7. Judge Hualde made this request under the Hague Evidence Convention and 28 C.F.R. § 0.49. Dkt. No. 1-7 at 1. Then, the OIJA transmitted the request to the U.S. Attorney's Office for the Western District of Washington, for execution under § 0.49(c). Dkt. No. 1 at 3. The U.S. Attorney's Office filed this instant motion, requesting the Court appoint Assistant U.S. Attorney Nickolas Bohl as Commissioner for the limited purpose of issuing a subpoena to execute the request for international judicial assistance. Dkt. No. 1 at 7.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1782, federal district courts may assist in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 authorizes the Court to order a person residing or found in the district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" Section 1782 sets out three general requirements before the Court may permit discovery: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the statutory requirements, the Court retains discretion on whether to grant the request for international assistance and "may impose conditions it deems desirable." *Intel*, 542

U.S. at 261, 264.  In *Intel*, the Supreme Court set out a non-exhaustive list of factors a district court may consider in ruling on a § 1782(a) request, including:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome.

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (citing *Intel*, 542 U.S. at 264–65) (cleaned up).

### III.  ANALYSIS

**A.  Statutory Factors**

Section 1782's requirements are met here.  First, Expedia, the subject of the discovery request, is headquartered and has its principal place of business in Seattle, Washington.  Dkt. No. 1-2 at 2, Dkt. No. 1-4.  Second, the discovery is for use in a foreign tribunal's proceeding, the First Instance Court in Buenos Aires, Argentina.  Dkt. No. 1-7 at 2.  Third, the application is made by the First Instance Court itself.  *Id.*

**B.  Discretionary *Intel* Factors**

The *Intel* factors also weigh in favor of granting the § 1782(a) request.  As to the first factor, Expedia is not a party to the ongoing proceedings in Argentina or apparently subject to the First Instance Court's jurisdiction because it is located in Washington.  Dkt. No. 1-4.  Second, the request was initiated by an Argentine court and not by a private party, suggesting that the Argentine government is receptive to this Court's assistance.  Dkt. No. 1-7.  Likewise, the fact that this request is made by an Argentine court provides sufficient assurance that the request is not an attempt to circumvent the foreign court's discovery rules or other policies.  *Id.*; *see In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529

ORDER APPOINTING COMMISSIONER UNDER 28 U.S.C. § 1782 - 3

(E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). And lastly, the Court finds that the subpoena request is sufficiently tailored such it is not unduly intrusive or burdensome. *See Burda v. Despegar.com.ar*, No. 2:23-MC-00081-LK, 2023 WL 7496478, at *1 (W.D. Wash. Nov. 13, 2023) (finding similar discovery requests to Expedia sufficiently tailored). Specifically, the subpoena asks for information on reservations made by Despegar.com.ar SA at certain hotels and during a limited period. Dkt. No. 1-3. To the extent Expedia argues that the information sought by the First Instance Court is burdensome, confidential, or proprietary, it can bring a motion to quash or the parties can enter a protective order. *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19MC80215WHOTSH, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (describing similar options to protect confidential or proprietary information).

### IV.  CONCLUSION

Accordingly, the Court GRANTS the *ex parte* 28 U.S.C. § 1782 application. The Court ORDERS that Assistant U.S. Attorney Nickolas Bohl is appointed as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance. Mr. Bohl is authorized to serve Expedia with a subpoena in the form attached as Exhibit B to Mr. Bohl's declaration. *See* Dkt. No. 1-3 (Proposed Commissioner's Subpoena).

Dated this 3rd day of February, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge